# United States District Court
## Northern District of Indiana

COREY DAY,              )
                          )
       Petitioner,      )
                          )
vs.                    )     Civil Action No. 3:14-CV-1871 JVB
                          )
SUPERINTENDENT,   )
                          )
       Respondent.    )

## OPINION AND ORDER

Corey Day, a *pro se* prisoner, filed a habeas corpus petition (DE 1) challenging the prison disciplinary hearing (ISF 14-01-175) held on January 23, 2014, where he was found guilty of Possession of a Cellular Device in violation of A-121 and sanctioned with the loss of 90 days earned credit time by the Disciplinary Hearing Body (DHB) at the Putnamville Correctional Facility.

On January 9, 2014, Correctional Officer Richards issued a Report of Conduct charging Day with possession of a cellular device, which states:

> On 01-09-14 I C/O Richards 429 approached Offender Day 988795 in Cube 1 of 165C. When I approached him he hid his hand in his shirt and pulled away from me. He then began to resist me at that point I observed a black and silver cell phone in his hand. He then flipped it to another offender who tossed it again and it landed up on the floor Offender Day then crawled under the bed again. He got the phone and threw it into a crowd. Qrt responded and took control of the situation and removed Offender Day. He was identified by his state ID and advised of the CAB.

(DE 7-1.)

In the Report of Disciplinary Hearing dated January 23, 2014, Day provided the following statement, "The first offender through (sic) something to me, I wouldn't accept it so I

threw it back. I only had my calculator." (DE 7-7.) The hearing officer found Day guilty and acknowledged that the "video shows the incident happened the way the CAB states." (*Id.*)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his habeas corpus petition, Day raises two claims: (1) that there was insufficient evidence to find him guilty; and (2) that he was denied the right to an impartial hearing officer.

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v.*

*O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Day challenges both the date of the incident listed on the Report of Conduct and the evidence establishing the item in question was a cell phone.

Day claims that the date in the left corner of the Report of Conduct is incorrect because it lists the date of the incident as January 9, 2013, when the incident occurred on January 9, 2014. Despite this one typographical error, there was never any mistake or confusion about the date during the administrative process at Putnamville. The date of the incident is consistently listed as January 9, 2014. (DE 7-3, 7-4, 7-5, 7-7.) Moreover, Day does not claim that the alleged typographical error in the date impeded his ability to defend the charge. *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Relief in a federal habeas corpus proceeding is only available for a violation of the U.S. Constitution or laws, and violation of internal prison policies or other state laws do not state a claim for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Day's claim regarding this minor irregularity does not provide a basis for granting federal habeas relief.

Day also challenges the evidence that the item at issue was a cell phone and not a calculator, as he claims it was. While the evidence may not be conclusive, it does not have to be. Upon review, there is sufficient evidence to support the hearing officer's determination that Day possessed a cell phone. The conduct report establishes that Correctional Officer Richards observed a cell phone in Day's hand. This alone provides evidence sufficient to support the finding of guilt. *McPherson*, 188 F.3d at 786. Though Day denies that the object was a cell phone, the hearing officer was not required to credit his denial, nor was he "required to show culpability beyond a reasonable doubt." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To the extent Day is asking this Court to make its own determination of guilt or innocence, that is

not the Court's role. *See Hill,* 472 U.S. at 455. Instead, the question is whether there is some evidence to support the hearing officer's determination, and because the record contains such evidence, habeas relief is not warranted.

Next, Day complains that the disciplinary hearing officer was biased, asserting he has shown racial bias towards black offenders in the past. "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). Due process is satisfied so long as no member of the disciplinary board was been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. *Id.* at 667. Here, there are no allegations that the hearing officer had any such involvement. Moreover, while Day complains that the hearing officer had a racial bias, Day has failed to provide any evidence to substantiate such a claim. As a result, this claim cannot provide habeas relief either.

For these reasons, the petition (DE 1) for a writ of habeas corpus is **DENIED**.

**SO ORDERED** on November 30, 2015.

 Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division